UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED VAN LINES, LLC,      Case No.: _____
    Plaintiff,
v.

STEPHEN P. STARCESKI,
    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, United Van Lines, LLC ("United"), by and through the undersigned counsel, complains against Defendant, Stephen P. Starceski, ("Defendant") as follows:

## INTRODUCTION

1. United seeks a declaration from this Court concerning the rights and liabilities of United and Defendant under a Bill of Lading contract between United and Defendant for the interstate carriage of Defendant's household goods and personal property from California to Florida. Defendant has made demand upon United for payment of at least $60,000 for cargo loss sustained to a small portion of his property while in interstate transit under the Bill of Lading contract and interstate operating authority of United, including a demand for a complete refund of applicable interstate tariff charges. United acknowledges its responsibility under 49 U.S.C. 14706 (the "Carmack Amendment") for actual loss or injury to Defendant's

property caused by United subject to the released value of the goods, but United contends that Defendant is only entitled to the contractual limitation of liability of $0.60 per pound times the weight of the small portion of the shipment that was destroyed in transit, and that Defendant is not entitled to a complete refund of the applicable interstate tariff charges for the entire shipment under applicable federal law, but instead only a pro rata refund of applicable interstate tariff charges for the small portion of the shipment that was actually destroyed in transit.

## PARTIES, JURISDICTION, AND VENUE

2. United is a limited liability company, organized and existing under the laws of the state of Missouri with its principal place of business in Fenton, Missouri.

3. United is a motor carrier engaged in the performance of interstate carriage of household goods for hire by the authority of the Surface Transportation Board (formerly the Interstate Commerce Commission) and the Federal Motor Carrier Safety Administration (FMCSA) under USDOT Number 77949.

4. Upon information and belief, Defendant resides at 14133 Poke Ridge Drive, Riverview, Florida 33579-3509.

5. As more particularly set forth below, United presents an actual controversy within the meaning of 28 U.S.C. § 2201 and within this Court's jurisdiction.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337. This action invokes the Court's federal question jurisdiction because this action seeks to determine the rights and liabilities of United and Defendant under a household goods interstate Bill of Lading contract and tariff incorporated therein in accordance with 49 U.S.C. § 13702(c), as well as pursuant to the Interstate Commerce Act ("ICA") as amended by the ICC Termination Act of 1995 ("ICCTA"), including 49 U.S.C. § 14706 (the "Carmack Amendment"), and 49 U.S.C. §§ 14902 and 14903, acts of Congress regulating commerce. The amount in controversy exceeds the $10,000 minimum threshold required by 28 U.S.C. § 1337 for matters involving the Carmack Amendment. Further, Defendants demand for a refund of interstate tariff charges presents a federal question regardless of the amount in controversy.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to this controversy occurred in this district.

## **GENERAL ALLEGATIONS**

8. On or about September 8, 2021, United loaded Defendant's household goods and personal property into a moving van and issued Order for Service/Bill of Lading 178-402-1 ("Bill of Lading") to Defendant in Chula Vista, California, for the

origin storage-in-transit and eventual interstate transportation of Defendant's household goods from Chula Vista, California to Florida.

9. Defendant's household goods and personal property were to be placed in temporary storage or storage in transit until Defendant was ready to accept delivery of the household goods and personal property in Florida. On or about January 11, 2022, the main portion of Defendant's household goods shipment was loaded from origin storage-in-transit for interstate transport to Florida, moved in interstate commerce under United's Bill of Lading, and delivered to Defendant in Florida on or about January 18, 2022 without incident.

10. Because all of Defendant's household goods could not fit into one moving van, a small overflow portion of Defendant's household goods shipment was created. On January 11, 2022, the overflow portion was loaded into two wooden containers, and transported to Florida, where United's destination agent was to receive the overflow portion of the household goods shipment and deliver same to Defendant.

11. The vehicle hauling the overflow portion of Defendant's household goods shipment was involved in a vehicle fire and the overflow portion of the household goods shipment was destroyed.

12. The Bill of Lading contract, executed by United and Defendant, is the controlling shipping contract for Defendant's interstate household goods move. The Bill of Lading is attached hereto as **Exhibit A**.

13. On page 4 of the Bill of Lading it provides: "The liability of Carrier for actual loss or damage to an article shall further be subject to 49 U.S.C. § 14706 [the Carmack Amendment] and 49 C.F.R. Part 370, any other limitation of liability contained in any written contract, and any applicable rules, regulations, rate schedules or tariffs."

14. Page 2 of the Bill of Lading contract also contains a section titled, "Customer's Declaration of Value." In contracting with United to perform an interstate household goods move, Defendant was presented with two options of protection for his shipment: Option 1: Full (Replacement) Value Protection, and Option 2: WAIVER of Full (Replacement) Value Protection.

15. Defendant rejected the Full (Replacement) Value Protection in Option 1, and instead selected Option 2, which states:

> **OPTION 2 – WAIVER of Full (Replacement) Value Protection. This LOWER level of protection is provided at <u>no additional cost</u> beyond the base rate; however it provides only MINIMAL protection** that is considerably <u>less</u> than the average value of household goods. Under this **option, a claim or any article that may be lost, destroyed, or damaged while in your mover's custody will be settled based on the weight of the individual article multiplied by 60 cents. For example, the settlement of an audio component valued at $1,000 that weighs 10 pounds would be $6.00 (10 pounds time 60 cents).**

**Dollar Estimate of the COST of your move under the 60-cents option $27,024.26**

**COMPLETE THIS PART ONLY** if you wish to **WAIVE** the **Full (Replacement) Level of Protection included in the HIGHER** COST estimate provided above (see Option 1) for your shipment and instead select the LOWER Released Value of 60-Cents-Per-Pound Per Article; to do so you <u>must</u> initial and sign the lines below:

**I wish to Release My Shipment to a Maximum Value of 60-Cents-Per-Pound Per Article** \_\_\_\_\_ (*Customer's Initials*)

I acknowledge that for my shipment I have: 1) **WAIVED the Full (Replacement) Level of protection for which I have received an estimate of charges**; and 2) received a copy of the "Your Rights and Responsibilities When You Move" brochure explaining these provisions.

_____  _____
(Customer's Signature)                                     (Date)

16. On the Bill of Lading contract, Defendant marked an X and wrote his initials, indicating, "I wish to Release My Shipment to a Maximum Value of 60-Cents-Per-Pound Per Article." (*See* Exhibit A).

17. Defendant also applied his electronic signature "STEPHEN STARCESKI" with the date 09/01/21" to the Bill of Lading. (*See* Exhibit A).

18. Pursuant to the Bill of Lading contract, United's maximum contractual limitation of liability is set at $0.60 per pound per article times the weight of the articles destroyed to which Defendant is bound.

19. Defendant has made repeated demands for payment of damages in the amount of at least $60,000.00 for the loss and/or damage to the small overflow portion of his household goods shipment.

20. Defendant also demanded a full refund of the $27,024.26 tariff charges he incurred for the cost of his entire interstate household goods move.

21. United contends that it owes Defendant substantially less than the $60,000.00 being demanded by Defendant based on the limitation of liability contained in and agreed to by Defendant in the Bill of Lading contract, applicable tariff and under applicable federal statutes and regulations.

22. Defendant's small overflow portion of the shipment weighed only 2,780 pounds. Under the $0.60 per pound per article released value option selected by Defendant, the maximum that Defendant is owed from United is $1,668.00, which United has repeatedly offered to pay to Defendant.

23. Defendant rejected United's offer to pay its maximum liability pursuant to the Bill of Lading contract, and engaged counsel who has repeatedly threatened to sue United unless Defendant receives at least $60,000, despite the $0.60 per pound per article contractual limitation of liability.

24. United seeks a declaration from this Court concerning the rights and liabilities of United and Defendant regarding the extent of United's liability for the cargo loss or damage that occurred, as well as the scope of remedies permitted under

federal law for damage or loss to household goods transported in interstate transit under the United Bill of Lading contract.

## CLAIM FOR RELIEF

### (Count I – Declaratory Judgment)

25. United incorporates by reference the preceding allegations in this Complaint.

26. This action presents an actual case and controversy within the jurisdiction of this Court and is therefore authorized pursuant to 28 U.S.C. § 2201.

27. There is federal question jurisdiction over this claim in this Court because this action seeks to determine the rights and liabilities of United and Defendant during the interstate move of Defendant's household goods pursuant to the ICA, ICCTA, the Bill of Lading, United's applicable Tariff, and the Carmack Amendment. There is also federal question jurisdiction because Defendant seeks a complete refund of all interstate tariff charges paid to United for his household goods shipment. Defendant's claim seeks remedies directly arising from or during Defendant's interstate move, which require this Court to interpret the ICA, ICCTA, the Carmack Amendment, as well as United's interstate Bill of Lading and Tariff incorporated therein in accordance with 49 U.S.C. § 13702(c). United also calls upon the Court to interpret and apply federal regulations regarding any pro rata refund of tariff charges Defendant may be entitled to for the small overflow portion

of his shipment that was destroyed in transit, as well as any other related laws pertaining to the above agreements, acts and regulations.

28. Defendant alleges that a portion of his household goods were destroyed during an interstate move, and that United is liable to Defendant for such damages in an amount of at least $60,000.

29. The Carmack Amendment, 49 U.S.C. § 14706, exclusively, governs the liability of motor carriers providing interstate household goods transportation services within the jurisdiction of the Surface Transportation Board.

30. Defendant's claim for damages in excess of what is owed under the Bill of Lading contract are not recoverable and any state law claim seeking damages outside the scope of Carmack is preempted under the Carmack Amendment.

31. To the extent United is liable for the destruction of a small portion of the overflow portion of Defendant's household goods shipment, the Carmack Amendment, the Bill of Lading and United's tariff controls United's maximum liability and Defendant's loss and/or damage is limited to $0.60 per pound per article times the 2,780 pound weight of the overflow shipment of the shipment for a total liability on behalf of United in the amount of $1,668.00.

32. Defendant's claim for a complete refund of the full applicable interstate tariff charges is prohibited by federal law, including 49 U.S.C. §§ 14902 and 14903 and, therefore, Defendant is not entitled to a complete refund.

33. An interstate shipper like Defendant may be entitled to a pro rata refund of applicable interstate tariff charges when cargo or goods are damaged. 49 CFR § 375.707 permits a shipper to receive a pro rata percentage refund of the binding estimate or tariff charges paid, equal to the weight of the portion of the shipment that was destroyed relative to the total weight of the entire shipment. Defendant's overflow portion of his shipment weighed 2,780 pounds and based on the percentage of the total shipment weight would qualify for a pro rata refund from United in the amount of $3,570.55.

**WHEREFORE**, United respectfully requests this Court to:

1. Declare that the ICA, ICCTA, and/or the Carmack Amendment preempt any state law and common claims that Defendant may attempt to assert;

2. Declare that United's maximum liability to Defendant for the overflow portion of the shipment that was destroyed in transit is limited to $1,668 based on the $0.60 per pound per article limitation of liability times the 2,780 lb. weight of the overflow portion of the shipment that was destroyed as established in the Bill of Lading contract;

3. Declare that United is prohibited from providing Defendant with a full refund of all applicable interstate tariff charges for the entire shipment pursuant to 49 U.S.C. §§ 14902 and 14903, and that Defendant is not entitled to a complete refund;

4. Declare that United is responsible to give Defendant a pro rata refund in the amount of $3,570.55 for the small overflow portion of the shipment that was destroyed in transit;

5. Resolve any other questions or controversies that might remain between United and Defendant;

6. Award all costs of this action, including attorneys' fees, to United; and

7. Grant United such other and further relief as the Court believes just and proper.

>Respectfully submitted,
>LEWIS BRISBOIS BISGAARD & SMITH LLP
>
>*s/John A. Rine*
>JOHN A. RINE
>Florida Bar Number 989400
>Email: john.rine@lewisbrisbois.com;
>flcourtmail@lewisbrisbois.com;
>karen.halsey@lewisbrisbois.com
>SARAH G. HOCK
>Florida Bar Number 1025439
>Email: sarah.hock@lewisbrisbois.com;
>flcourtmail@lewisbrisbois.com;
>kaitlin.hollo@lewisbribsoi.com
>401 East Jackson Street, Suite 3400
>Tampa, Florida 33602
>Phone:  813.739.1900; Fax:  813.739.1919
>Attorneys for United Van Lines, LLC